UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOVAE SYNDICATE 2007; APOLLO LIABILITY CONSORTIUM 9984; ANV CASUALTY CONSORTIUM 9148; SCOR UK COMPANY LTD; STARSTONE SYNDICATE 1301; XL CATLIN SYNDICATE 2003; ALLIANZ UNDERWRITERS INSURANCE COMPANY; HISCOX SYNDICATE 33; STAR UNDERWRITING AGENTS LTD.; LLOYD'S SYNDICATE CVS 1919,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Weyerhaeuser Company ("Weyerhaeuser") alleges as follows:

## I. **INTRODUCTION**

1. This is an action for a declaratory judgment, brought pursuant to 28 U.S.C. § 2201, adjudicating the respective rights, duties, and obligations of the parties under the excess insurance policies noted below, specifically with respect to a justiciable controversy over the

COMPLAINT FOR DECLARATORY JUDGMENT - 1

GORDON TILDEN THOMAS CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

arbitrability of coverage disputes under the subject policies. A justiciable controversy does not yet exist between the parties regarding coverage, but Weyerhaeuser expressly reserves the right to amend this Complaint to include such a dispute should the same arise.

## II. THE PARTIES

2. **Plaintiff.** Weyerhaeuser, founded in Tacoma, Washington in 1900, is one of the largest sustainable forest products companies in the world. Weyerhaeuser is a corporation organized under the laws of the State of Washington and has its principal place of business in Seattle, Washington. Weyerhaeuser is authorized to do business and is doing business in the State of Washington.

3. **Defendant Novae Syndicate 2007.** Novae Syndicate 2007 ("Novae") is an unincorporated association organized under the laws of the United Kingdom and has its principal place of business in London, England. Novae is, and at all times relevant to this Complaint was, doing business in the State of Washington.

4. **Defendant Apollo Liability Consortium 9984.** Apollo Liability Consortium 9984 ("Apollo") is an unincorporated association organized under the laws of the United Kingdom and has its principal place of business in London, England. Apollo is, and at all times relevant to this Complaint was, doing business in the State of Washington.

5. **Defendant ANV Casualty Consortium 9148.** ANV Casualty Consortium 9148 ("ANV") is an unincorporated association organized under the laws of the United Kingdom and has its principal place of business in London, England. ANV is, at all times relevant to this Complaint was, doing business in the State of Washington.

6. **Defendant Starstone Syndicate 1301.** Starstone Syndicate 1301 ("Starstone") is an unincorporated association organized under the laws of the United Kingdom and has its

COMPLAINT FOR DECLARATORY JUDGMENT - 2

GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

principal place of business in London, England. Starstone is, and at all times relevant to this Complaint was, doing business in the State of Washington.

7. **Defendant Scor UK Company Ltd.** Scor UK Company Ltd. ("Scor") is a business entity organized under the laws of the United Kingdom and has its principal place of business in London, England. Scor is, and at all times relevant to the Complaint was, doing business in the State of Washington.

8. **Defendant XL Catlin Syndicate 2003.** Defendant XL Catlin Syndicate 2003 ("XL Catlin") is an unincorporated association organized under the laws of the United Kingdom and has its principal place of business in London, England. XL Catlin is, and at all times relevant to the Complaint was, doing business in the State of Washington.

9. **Defendant Allianz Underwriters Insurance Company.** Allianz Underwriters Insurance Company ("Allianz") is a corporation organized under the laws of the State of Illinois and has its principal place of business in Chicago, Illinois. Allianz is, and at all times relevant to the Complaint was, doing business in the State of Washington.

10. **Defendant Hiscox Syndicate 33**. Hiscox Ltd. ("Hiscox") is an unincorporated association organized under the laws of the United Kingdom and has its principal place of business in London, England. Hiscox is, and at all times relevant to the Complaint was, doing business in the State of Washington.

11. **Defendant Starr Underwriting Agents Ltd.** Starr Underwriting Agents Ltd. ("Starr") is a business entity organized under the laws of the United Kingdom and has its principal place of business in London, England. Starr is, and at all times relevant to the Complaint was, doing business in the State of Washington.

12. **Defendant Lloyd's Syndicate CVS 1919.** Lloyd's Syndicate CVS 1919 ("CVS") is an unincorporated association organized under the laws of the United Kingdom and has its principal place of business in London, England. CVS is, and at all times relevant to the Complaint was, doing business in the State of Washington

### III. JURISDICTION AND VENUE

13. **Subject Matter Jurisdiction.** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this Court has jurisdiction to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202. In addition, all of the Defendants have expressly agreed to the jurisdiction of this Court pursuant to an endorsement in each of their policies. To the extent any Defendant claims that its policy provides for mandatory arbitration or adjudication of disputes in any forum outside the courts of the State of Washington, such provisions are void *ab initio* by the express terms of RCW 48.18.200.

14. **Personal Jurisdiction.** All defendants have expressly submitted to the personal jurisdiction of the courts of the State of Washington, issued the subject insurance policies for delivery to Weyerhaeuser in Washington, and are otherwise conducting business in Washington. This Court thus has personal jurisdiction over all parties.

15. **Venue**. Venus is Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as the relevant insurance policies were issued to Weyerhaeuser in this District

COMPLAINT FOR DECLARATORY JUDGMENT - 4

GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

## IV. THE INSURANCE POLICIES AT ISSUE

16. Defendants issued excess liability insurance policies (the "Policies") to Weyerhaeuser covering the period November 1, 2016 to November 1, 2017. The Policies cover, among other things, liabilities arising from "Bodily Injury" and "Property Damage." The Policy numbers and limits associated with the Policies are as listed below. In each case, the listed "Insurer" is either: (a) the sole underwriter(s) subscribing to the listed Policies; or (b) a lead underwriter on the listed Policies, and is authorized to act on behalf of any following markets or other underwriters that also have subscribed to the listed Policies. The Defendants in this action include any and all such following markets or other subscribers.

| Layer | Insurer | Policies No. | Coverage |
|---|---|---|---|
| 2 | Novae | B0509BOWCN1600726 | $5M quota share of $25M excess of $35M |
| 2 | Apollo | B0509BOWCN1600726 | $10M quota share of $25M excess of $35M |
| 2 | ANV | B0509BOWCN1600726 | $10M quota share of $25M excess of $35M |
| 3 | Scor | B0509BOWCN1600735 | $20M quota share of $100M excess of $60M |
| 3 | Starstone | B0509BOWCN1600733 | $20M quota share of $100M excess of $60M |
| 4 | Allianz | AUL2007750 | $10M quota share of $50M excess of $160M |
| 4 | XL Caitlin 2003 | B0509BOWCN1600727 | $20M quota share of $50M excess of $160M |
| 5 | Hiscox | BOWCN1600734 | $20M quota share of $50M excess of $210M |
| 5 | Starr/CVS | BOWCN1600734 | $20M quota share of $50M excess of $210M |

17. Weyerhaeuser timely paid all premiums due and owing under the Policies and complied with all applicable conditions contained therein.

## V. FACTUAL ALLEGATIONS

18. Between December 2016 and June 2017, Weyerhaeuser manufactured and sold TJI Joists with Gen 4 Flak Jacket Protection ("TJI Joists"), a fire-retardant engineered wood product used in residential home construction to support flooring.

19. In and around May 2017, Weyerhaeuser started receiving complaints of odors and irritation in certain homes where the TJI Joists had been installed. Weyerhaeuser's subsequent investigation determined that the TJI Joists emitted formaldehyde. In response, Weyerhaeuser undertook a major remediation program to address the situation.

20. The total liability associated with the TJI joists is estimated to exceed the coverage provided by the Defendants to this Action.

21. Weyerhaeuser insured against the liability incurred in connection with the TJI Joists through a series of policies that attach after Weyerhaeuser has satisfied its $10 million per-occurrence self- insured retention. Weyerhaeuser provided notice of this claim to Defendants and other insurers on or about July 12, 2017.

22. Weyerhaeuser has incurred, or expects to incur, covered defense costs and liabilities in connection with the TJI Joints that exceed the applicable coverage limits of all of the Policies.

23. Weyerhaeuser's lead first-layer excess carrier, Lex-London (a division of AIG Europe Ltd. and not a party to this Action), has paid Weyerhaeuser the full amount of its policy limits ($25 million) for this claim.

24. Despite requests from Weyerhaeuser and exhaustion of the first-layer of coverage, Defendants have not acknowledged coverage or paid Weyerhaeuser for this claim. In addition, Defendants have neither confirmed that resolution of future disputes, should they arise, will occur in a Washington State forum nor disclaimed any intention to initiate a competing coverage arbitration and/or litigation outside of Washington.

25. There is no valid arbitration agreement applicable to any coverage dispute

GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

between Weyerhaeuser and Defendants.

26. Each of the Policies provides that it generally follows form to, or incorporates by reference, the terms and conditions set forth in the underlying lead policy issued by Lex-London, except to the extent the terms and conditions of the Policies conflict with the terms and conditions of the underlying coverage. In the event of such a conflict, the terms of the specific Policies control.

27. The Policies issued by the Defendants except for Allianz (hereinafter, the "London Defendants") contain no arbitration endorsement or clause.

28. To the contrary, the Policies issued by the London Defendants indicate that "[i]t is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States."

29. The London Defendants' express agreement to litigate any coverage disputes in the U.S. jurisdiction of Weyerhaeuser's choosing conflicts with the terms and conditions set out in the underlying policy, which policy includes an endorsement purporting to require arbitration.

30. Accordingly, given this conflict and the effect of other terms in the London Defendants' Policies, the terms and conditions of the Policies control and the London Defendants agreed that any and all disputes under the Policies would be resolved via litigation and not arbitration.

31. Despite that agreement, the London Defendants have failed to acknowledge their obligation to do so.

32. While the Allianz policy contains a clause purporting to require arbitration, that clause is rendered void by the express terms of RCW 48.18.200 and Washington law interpreting and applying that regulation, which provides that "(1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement . . . (b) depriving the courts of this state of

GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

the jurisdiction of action against the insurer . . . ." Had the London Defendants' Policies contained an arbitration clause, such clause would have been void for the same reason.

33. Despite that fact, Allianz has also failed to acknowledge the fact that it has no right to arbitrate any dispute between the parties.

34. The Defendants' refusal to acknowledge Weyerhaeuser's right to litigate coverage disputes in this Court presents an actual and justiciable controversy requiring determination by this Court.

## VI. FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs.

36. There is an actual and justiciable controversy between Plaintiff and Defendants as to the arbitrability of the parties' disputes regarding or arising under the Policies and the proper venue for any such litigation.

37. Declaratory relief should be granted to Plaintiff, holding that: (a) any disputes between the parties regarding or arising under the Policies are not subject to arbitration; and (b) this Court is the proper venue for any coverage litigation that may arise. A declaratory judgment establishing the parties' legal rights in this regard will be conclusive as to all matters currently in dispute.

## VII. RESERVATION OF RIGHTS – COVERAGE ACTION

38. Weyerhaeuser does not currently allege causes of action for breach of contract, bad faith, violation of the Washington Insurance Fair Conduct Act, violation of the Washington Consumer Protection Act, or ancillary relief in the form of estoppel, treble damages, interest, or attorney's fees. However, Weyerhaeuser reserves its right to amend this Complaint to add such causes of action should the need arise.

## PRAYER FOR RELIEF

Plaintiff requests relief as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 8

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

A. A declaration that: (1) the Policies do not mandate arbitration; and (2) this Court is the proper venue for any coverage litigation that may arise.

B. For such other and further relief as the Court may deem just and equitable.

Dated this 20th day of April, 2018.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Weyerhaeuser Company

By *s/Franklin D. Cordell*
   Franklin D. Cordell, WSBA #26392

By *s/Michael P. Brown*
   Michael P. Brown, WSBA 45618

By *s/Greg D. Pendleton*
   Greg D. Pendleton, WSBA #38361

By *s/Brendan Winslow-Nason*
   Brendan Winslow-Nason, WSBA #39328

1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
206.467.6477
fcordell@gordontilden.com
mbrown@gordontilden.com
gpendleton@gordontilden.com
bwinslow-nason@gordontilden.com

COMPLAINT FOR DECLARATORY JUDGMENT - 9

GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477