UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY,<br><br>Plaintiff,<br>v.<br><br>NOVAE SYNDICATE 2007, et al.,<br><br>Defendants. | CASE NO. C18-0585JLR<br><br>ORDER GRANTING WEYERHAEUSER'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Before the court is Plaintiff Weyerhaeuser Company's ("Weyerhaeuser") motion for a temporary restraining order ("TRO"). (Mot. (Dkt. # 4).) Weyerhaeuser requests that the court enter a TRO precluding Defendants Novae Syndicate 2007; Apollo Liability Consortium 9984; ANV Casualty Consortium 9148; Scor UK Company Ltd.; Starstone Syndicate 1301; Hiscox Syndicate 33; Star Underwriting Agents Ltd.; and Lloyd's Syndicate CVS 1919 (collectively, "TRO Defendants") from seeking or obtaining, in any other forum, an injunction against Weyerhaeuser's instant action. (*Id.*

ORDER - 1

at 5.) The court has considered Weyerhaeuser's motion, as well as all the attached declarations and exhibits, the appropriate portions of the record, and the relevant law. Considering itself fully advised, the court GRANTS the motion for a TRO and RESTRAINS the TRO Defendants from seeking, in any other forum, an injunction against Weyerhaeuser as related to this matter.

## II. BACKGROUND

Weyerhaeuser filed this declaratory judgment action on April 20, 2018, disputing whether the various policies-at-issue contain an arbitration clause. (*See* Compl. (Dkt. # 1) ¶ 1.) On April 30, 2018—four days after being served with the instant action—Defendant XL Catlin Syndicate 2003 ("XL Catlin") filed a competing action in the English High Court in London, alleging that its policy is subject to mandatory arbitration in London. (Cordell Decl. (Dkt. # 6) ¶ 3.) The London court issued an Interim Order precluding Weyerhaeuser from proceeding against XL Catlin in this court, subject to fines, asset seizure against Weyerhaeuser, and imprisonment of its directors and counsel. (*Id.* ¶ 5.) XL Catlin sent this Interim Order to Weyerhaeuser on May 3, 2018—the first time Weyerhaeuser was informed of the competing London action. (*Id.* ¶ 4.) The Interim Order requires Weyerhaeuser to argue the merits of the arbitrability dispute at a hearing scheduled for May 18, 2018. (*Id.* ¶ 5.)

Because the policies issued by the TRO Defendants contain essentially the same relevant language as the XL Catlin policy (*id.* ¶ 6), Weyerhaeuser filed the instant motion to prevent the TRO Defendants from proceeding as XL Catlin did—that is, making a similar request to the English courts, receiving a similar injunction preventing

Weyerhaeuser from taking further action here, and compelling Weyerhaeuser to argue the issue in England (*see* Mot. at 4-5, 12-13). The court now considers the motion.

### III. ANALYSIS

The court is authorized to issue this TRO pursuant to Federal Rule of Civil Procedure 65(b). *See* Fed. R. Civ. P. 65(b). Generally, a plaintiff seeking a TRO in federal court must meet the standards for issuing a preliminary injunction: (1) that they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). However, in cases involving an anti-suit injunction, the movant "need not meet the usual test of a likelihood of success on the merits of the underlying claim.... Rather, [the movant] need only demonstrate that the factors specific to an anti-suit injunction weigh in favor of granting the injunction."[1] *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991 (9th Cir. 2006).

---

[1] It is unclear whether the movant must also establish the other requirements for a TRO—irreparable harm, balance of equities, and public interest. *See Microsoft Corp. v. Motorola, Inc.*, 871 F. Supp. 2d 1089, 1097 n.10 (W.D. Wash. 2012) (*Microsoft I*) (analyzing all requirements out of "completeness"); *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012) (*Microsoft II*) (analyzing only the three-part *Gallo* test in affirming the anti-suit injunction issued below). Following *Microsoft II*, the court "only focus[es] on the three-part inquiry under *Gallo*" and does not analyze the remaining *Winter* factors for obtaining a TRO. *See Huawei Technologies, Co., Ltd, et al. v. Samsung Electronics Co., Ltd., et al.*, No. 3:16-cv-02787-WHO, Dkt. # 280 at 7-8 (N.D. Cal. Apr. 13, 2018) ("Anti-Suit Injunction Order"). But even if all of the *Winter* factors were required, the court finds that Weyerhaeuser has sufficiently demonstrated all three remaining requirements. Weyerhaeuser shows that absent a TRO, it will likely suffer irreparable harm by being deprived of its chosen forum and compelled to litigate its claims in a foreign court or face substantial penalties. (Cordell Decl. ¶ 6.) In contrast, TRO Defendants will

The court finds that Weyerhaeuser has demonstrated a sufficient likelihood of success on the merits. Specifically, the court finds that the three factors for an anti-suit injunction set forth in *Gallo* have been met. First, the parties and issues in the two proceedings are identical. *See id.* Second, the foreign court orders enjoining proceedings before this court would frustrate important policies of this forum and are likely vexatious and inequitable. *See id.*; *see also Microsoft II*, 696 F.3d at 886 (finding that the timing and location of the foreign action "raise[d] concerns of forum shopping and duplicative and vexatious litigation"). And third, an injunction against foreign court orders in this private contractual dispute will not intolerably harm the interests of international comity. *See Microsoft II*, 696 F.3d at 887.

The court may grant a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c). However, a district court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). The only prejudice to TRO Defendants is the minimal burden caused by the delay. *See supra* n.1. The court therefore finds that any potential costs and damages to TRO Defendants are de minimis and declines to impose a bond requirement.

---

suffer minimal prejudice from preservation of the status quo, during which the parties will brief the motion for a preliminary injunction. The court therefore concludes that even considering all the *Winter* factors, the balance of equities favors Weyerhaeuser and a TRO is in the public interest.

ORDER - 4

The court may issue the TRO without written or oral notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *see also* Local Rules W.D. Wash. LCR 65(b)(5) ("If the movant meets the requirements of Fed. R. Civ. P. 65(b), the court may grant the motion without awaiting a response.").

Here, Weyerhaeuser has shown, through its declaration and exhibits, that TRO Defendants may take a similar course of action as XL Catlin, thus subjecting Weyerhaeuser to immediate, substantial and irreparable harm of being unable to proceed in its first-filed suit, and being forced to argue its case instead in a foreign court. (*See* Cordell Decl. ¶¶ 3-6.) Should Weyerhaeuser face injunctions similar to the one obtained by XL Catlin, Weyerhaeuser is placed in the "severely prejudicial position" of forfeiting its choice of forum or facing significant penalties. (*Id.* ¶ 6; *see also id.* ¶ 5.) Indeed, because of XL Catlin's injunctive order, Weyerhaeuser omitted XL Catlin from its present TRO motion for fear of potential liability in the English court, choosing instead to contest the Interim Order at the May 18, 2018, hearing in England. (*Id.* ¶ 6.)

Weyerhaeuser also certifies its efforts to give notice to TRO Defendants. It emailed notice of the instant motion and copies of all attached documents immediately after filing. (*Id.* ¶ 7.) It additionally served copies of all filed documents via Federal Express to counsel for TRO Defendants. (*Id.*) But because of the ease with which any one of the TRO Defendants can obtain an injunction from the English court—as

evidenced by XL Catlin's ability to secure an Interim Order with no argument or notice to Weyerhaeuser (*see id.* ¶ 4)—Weyerhaeuser aptly argues that the requested TRO "must be issued immediately if it is to preserve the status quo and prevent immediate and irreparable harm to Weyerhaeuser" (*id.* ¶ 6). Because Weyerhaeuser has shown that "immediate and irreparable injury, loss, or damage will result to the movant before the [TRO Defendants] can be heard" and certifies its efforts to give notice, *see* Fed. R. Civ. P. 65(b)(1), the court finds it appropriate to impose the TRO without first considering a response from TRO Defendants.

Pursuant to Federal Rule of Civil Procedure 65(b)(2), the TRO instituted by this order expires 14 days from the date of filing unless the court issues an extension.[2] *See* Fed. R. Civ. P. 65(b)(2). In addition, the court will consider Weyerhaeuser's motion and supporting documents as a motion for preliminary injunction and RENOTES the motion for May 23, 2018. *See* Fed. R. Civ. P. 65(b)(3) ("If the [TRO] is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time . . . ."). TRO Defendants' response is due no later than Friday, May 18, 2018, and Weyerhaeuser's reply, if any, is due no later than Wednesday, May 23, 2018. A hearing on the motion for preliminary injunction will be held on Friday May 25, 2018, at 10:00 a.m. Weyerhaeuser must serve TRO Defendants with this order as soon as possible and

//

//

---

[2] If TRO Defendants do not agree to an extension of the TRO until the court can rule on the motion for a preliminary injunction, Weyerhaeuser may, if appropriate, seek an extension for good cause at that time. *See* Fed. R. Civ. P. 65(b)(2).

ORDER - 6

in any event, no later than May 9, 2018, and must promptly file proof of service on the docket.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Weyerhaeuser's motion for a TRO (Dkt. # 4) and RESTRAINS TRO Defendants from seeking or obtaining, in any other forum, an injunction against Weyerhaeuser's instant action. Unless the court orders otherwise, the TRO expires 14 days from the date of this order at 11:59 p.m. The court RENOTES Weyerhaeuser's motion (Dkt. # 4) as a motion for a preliminary injunction for May 23, 2018. Lastly, the court ORDERS Weyerhaeuser to serve TRO Defendants with this order no later than May 9, 2018, and file proof of service on the docket.

Dated this 7th day of May, 2018 at 5:50 pm.

JAMES L. ROBART
United States District Judge