UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY,<br><br>Plaintiff,<br>v.<br><br>NOVAE SYNDICATE 2007, et al.,<br><br>Defendants. | CASE NO. C18-0585JLR<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION |

## I.   INTRODUCTION

Before the court is Plaintiff Weyerhaeuser Company's ("Weyerhaeuser") motion for leave to file the supplemental declaration of James Drake, an expert on English law. (Mot. (Dkt. # 74).) Defendants Novae Syndicate 2007 ("Novae"), Apollo Liability Consortium 9984 ("Apollo"), SCOR UK Company Ltd. ("SCOR"), Starstone Syndicate 1301 ("Starstone"), Hiscox Dedicated Corporate Member Limited as representative member of Syndicate 33 at Lloyd's ("Hiscox"), and Starr Underwriting Agents Ltd. ("Starr") (collectively, "Defendants") oppose the motion. (Hiscox/Starr Resp. (Dkt. # 76)

(opposition of Hiscox and Starr (collectively, "Hiscox/Starr")); Defs. Resp. (Dkt. # 77) (opposition of Novae, Apollo, SCOR, and Starstone).) The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Weyerhaeuser's motion for leave to file the supplemental declaration of Mr. Drake. Additionally, the court GRANTS Defendants leave to file, no later than July 3, 2019, supplemental authority on the English law of non-mutual collateral estoppel, as explained more fully herein.

## II.     BACKGROUND

This case involves excess liability insurance policies that Weyerhaeuser purchased from Defendants for the 2016-17 policy year. Weyerhaeuser filed suit on April 20, 2018. (*See* Compl. (Dkt. # 1).) Weyerhaeuser seeks a declaratory judgment that it is not required to arbitrate in the United Kingdom any insurance coverage dispute that may arise between Weyerhaeuser and Defendants. (*See id.* ¶¶ 35-37.)

On April 30, 2018, former Defendant XL Catlin Syndicate 2003 ("XL Catlin") filed a parallel action ("the English Action") in the High Court of Justice of England and Wales ("the English High Court"). (*See* Stip. MTS (Dkt. # 12) at 1.) On December 21, 2018, the English High Court ruled that, under the language of the policy XL Catlin issued Weyerhaeuser, Weyerhaeuser is required to arbitrate insurance coverage disputes

---

[1] No party requests oral argument on the motion (*see generally* Mot.; Hiscox/Starr Resp.; Def. Resp.), and the court concludes that oral argument is unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

with XL Catlin in London.  (*See* 1/2/19 JSR (Dkt. # 59) at 2, Exs. A, B.)  The relevant language in the XL Catlin policy is the same as that in Defendants' policies.  (*See* Cordell Decl. (Dkt. # 6) ¶ 6.)

While the English Action was pending, Weyerhaeuser filed a motion for summary judgment.  (*See* MSJ (Dkt. # 36).)  The parties subsequently stipulated to multiple extensions of the noting date.  (*See* 9/11/18 Not. (Dkt. # 38) at 2; 10/11/18 Not. (Dkt. # 40) at 2.)  In January 2019, after the English High Court issued its decision, the court ordered the parties to submit supplemental briefing on the preclusive effects, if any, of the English High Court's ruling with respect to Weyerhaeuser's action against Defendants.  (1/25/19 Order (Dkt. # 64) at 2; 1/31/19 Order (Dkt. # 66) at 1-2); *see also* Defs. Supp. Br. (Dkt. # 67); Pl. Supp. Br. (Dkt. # 68); Defs. Supp. Resp. (Dkt. # 72); Pl. Supp. Resp. (Dkt. # 73).)  Supplemental briefing closed on February 15, 2019.  (1/31/19 Order at 2.)

In their supplemental briefs, the parties disagree about whether the English High Court's decision precludes Weyerhaeuser from challenging arbitration clauses in the excess insurance policies issued by Defendants.  Defendants contend that the court should afford preclusive effect to the English High Court's judgment and thereby find that Weyerhaeuser is required to arbitrate coverage disputes with Defendants.  (Defs. Supp. Br. at 3-8.)  Weyerhaeuser, on the other hand, argues that the court must not give preclusive effect to the English High Court's judgment because (1) Defendants were not parties to the English Action or in privity with XL Catlin, and (2) the court must apply the law on issue preclusion of the jurisdiction where the prior judgment was rendered,

and English law does not recognize non-mutual collateral estoppel. (Pl. Supp. Br. at 6-7.) To support that argument, Weyerhaeuser submitted the first declaration of Mr. Drake, an expert on English law, alongside its supplemental brief. (*See* 2/7/19 Drake Decl. (Dkt. # 70).)

On March 12, 2019, Weyerhaeuser filed the present motion for leave to file the supplemental declaration of Mr. Drake. (*See* Mot. at 1-2; *see also* Praecipe (Dkt. # 75); 3/12/19 Drake Decl. (Dkt. # 75-1).) Hiscox/Starr filed an opposition to Weyerhaeuser's motion. (*See* Hiscox/Starr Resp.) Novae, Apollo, SCOR, and Starstone joined in Hiscox/Starr's opposition and filed a separate opposition. (*See* Defs. Resp.) In addition to opposing Weyerhaeuser's motion, Defendants request that, should the court consider Mr. Drake's supplemental declaration, the court also grant Defendants leave to file supplemental authorities on applicable English law. (*See* Hiscox/Starr Resp. at 6; Defs. Resp. at 1 (joining Hiscox/Starr's arguments).)

### III. ANALYSIS

A district court has broad discretion to determine whether a party may supplement a summary judgment record. *See, e.g.*, *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (noting that the Ninth Circuit "review[s] . . . challenges to trial court management for abuse of discretion"); *Block v. Solis*, No. C08-1850JLR, 2010 WL 2079688, at *9 (W.D. Wash. May 20, 2010) (granting the plaintiff's motion for leave to file a supplemental declaration on summary judgment, even though the motion was untimely); *Moreno v. Ross Is. Sand & Gravel Co.*, No. 2:13-cv-00691-KJM-KJN, 2015 WL 5604443, at *5 (E.D. Cal. Sept. 23, 2015) (noting that "[a] district court has discretion to

permit a litigant to supplement the summary judgment record") (citing *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010)). When assessing motions to supplement the record, the court should be mindful that public policy favors the disposition of cases on their merits, and that "disposition of a case on a more complete record must be preferred to disposition on a less complete record." *Block*, 2010 WL 2079688, at *9 (citing *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (en banc)).

Weyerhaeuser contends that the court grant its motion because Mr. Drake's supplemental declaration responds to arguments on English law that Defendants raised for the first time in their responsive supplemental brief. (Mot. at 2.) Specifically, Weyerhaeuser asserts that Defendants "waited until their response brief to argue, for the first time, that UK law would permit them to use the UK judgment to preclude Weyerhaeuser from making arguments on the arbitrability issue." (*Id.* (citing Defs. Supp. Resp. at 4-5).) In the proffered supplemental declaration, Mr. Drake addresses specific arguments that Defendants made in their responsive brief concerning non-mutual collateral estoppel under English law. (*See* 3/12/19 Drake Decl. ¶¶ 5-24.) He also expressly opines that English law does not permit non-mutual collateral estoppel. (*See id.* ¶ 25.)

Defendants first oppose Weyerhaeuser's motion on the ground that their responsive supplemental brief raised no new arguments on the English law of issue preclusion. (Defs. Resp. at 2-3.) The court agrees that, for the most part, Defendants simply critiqued the arguments that Mr. Drake advanced in his initial declaration. (*See*

Defs. Supp. Resp. at 4-5.) Defendants did assert—for the first time—that "an English court would find sufficient identity between [Defendants] and XL Catlin such that it would not be unfair for Weyerhaeuser to be bound to the result of litigation between it and XL Catlin in subsequent litigation . . . ." (*Id.* at 5 n.1.) Although new, this argument responded directly to Weyerhaeuser's contention that English law does not countenance non-mutual collateral estoppel. (*See, e.g.*, Pl. Supp. Br. at 6 (citing 2/7/19 Drake Decl. ¶¶ 7, 9).) Weyerhaeuser's suggestion that it was unfairly surprised by Defendants' arguments on that point thus rings hollow. (*See* Mot. at 2.) This consideration weighs against granting Weyerhaeuser's motion.

Defendants also insist that Weyerhaeuser's motion is untimely. Specifically, Defendants argue that Weyerhaeuser should have "promptly notif[ied] the [c]ourt and adverse parties of perceived problems with [the] submitted briefing," instead of filing a motion to supplement the record nearly a month after the supplemental briefing period closed. (Defs. Resp. at 3; *see also* Hiscox/Starr Resp. at 4-5.) Weyerhaeuser, for its part, states that any delay in its filing is attributable to the "very busy calendar" of Mr. Drake, who "was unable to turn full attention to this unexpected assignment on such short notice." (Reply (Dkt. # 78) at 3.) The court agrees that, to the extent Weyerhaeuser believed that Defendants had improperly raised a new argument in its supplemental response, Weyerhaeuser would have been well advised to file a motion to strike or a surreply immediately after the briefing period closed. *See Block*, 2010 WL 2079688, at *9. The busy schedule of its expert witness is hardly justification for its substantial delay.

Nonetheless, mindful that public policy favors the disposition of cases on their merits, and in the interest of promoting a more complete record on which to decide Weyerhaeuser's summary judgment motion, the court concludes that it would be remiss to disregard Mr. Drake's supplemental declaration. The collateral estoppel issues the parties have raised implicate complicated questions of law, and the court prefers a more, rather than less, robust record on which to determine the preclusive effect, if any, of the English High Court's judgment. This is particularly so because, in the event the court must apply English law on non-mutual collateral estoppel, the court may rely on expert opinion to familiarize itself with relevant English principles and precedent. *See* Fed. R. Civ. P. 44.1 (permitting courts to consider expert testimony and affidavits on foreign law); *Universe Sales Co., Ltd. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999) ("Although, pursuant to Rule 44.1, courts may ascertain foreign law through numerous means, expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law."). Moreover, the court acknowledges that the briefing schedule on the collateral estoppel issues did not permit Weyerhaeuser to file reply in which it could have addressed Defendants' arguments on the English law of non-mutual collateral estoppel. (*See* 1/31/19 Order at 2.) For these reasons, the court GRANTS Weyerhaeuser's motion for leave to file Mr. Drake's supplemental declaration and supporting materials.

To grant Weyerhaeuser's motion without allowing Defendants an opportunity to respond to Mr. Drake's supplemental declaration, however, would risk prejudicing Defendants. The court thus GRANTS Defendants leave to file, on or before July 3, 2019,

a responsive expert declaration or other submission on the English law of non-mutual collateral estoppel, which, excluding supporting materials, may not exceed 12 pages.[2] When submitting supporting materials, Defendants should be mindful that the trial date is approaching and the parties have already created a substantial record for the court's review. Weyerhaeuser will not be permitted an additional response.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Weyerhaeuser's motion for leave to file Mr. Drake's supplemental declaration and supporting materials. (Dkt. # 74.) The court also GRANTS Defendants leave to file, on or before July 3, 2019, a responsive expert declaration or other submission on the English law of non-mutual collateral estoppel, which, excluding supporting materials, may not exceed 12 pages.

Dated this 18th day of June, 2019.

_____
The Honorable James L. Robart
U.S. District Court Judge

---

[2] In total, Defendants may file one submission. Not all Defendants must join in filing the submission.