UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY,<br><br>Plaintiff,<br>v.<br><br>NOVAE SYNDICATE 2007, et al.,<br><br>Defendants. | CASE NO. C18-0585JLR<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS NONJUSTICIABLE |

Plaintiff Weyerhaeuser Company ("Weyerhaeuser") seeks a judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that Weyerhaeuser is not required to arbitrate any coverage dispute that may arise under the excess liability policies it purchased from Defendants Novae Syndicate 2007, Apollo Liability Consortium 9984, ANV Casualty Consortium 9148, SCOR UK Company Ltd., Starstone Syndicate 1301, Hiscox Dedicated Corporate Member Limited as representative member of Syndicate 33 at Lloyd's, and Starr Underwriting Agents Ltd. (collectively, "Defendants"). (*See generally* Compl. (Dkt. # 1).) For the reasons discussed below, the court ORDERS the

parties to show cause, within seven days of the filing date of this order, why this action should not be dismissed as nonjusticiable.

The concept of justiciability "expresses the jurisdictional limitations imposed upon federal courts by the 'case or controversy' requirement" of Article III of the United States Constitution. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (citation omitted); U.S. Const., art. III, § 2. Justiciability is a threshold matter that courts have an independent obligation to evaluate, *sua sponte*, if necessary, before reaching the merits of a case. *See, e.g.*, *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006); *see also Toumajian v. Frailey,* 135 F. 3d 648, 652 (9th Cir. 1998) ("In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction—that is[,] the power—to adjudicate the dispute.").

The Declaratory Judgment Act provides, in relevant part, that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" refers to the types of cases and controversies that are justiciable under Article III of the Constitution. *See MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126-27 (2007). An actual controversy exists within the meaning of the Declaratory Judgment Act when the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* at 127 (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937)). Further, the dispute must be "real

and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Id.* (internal quotation marks omitted). The basic question in each case is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)). Even where the Article III requirement of an actual controversy is satisfied, the district court's exercise of its declaratory judgment authority is discretionary. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

Here, Weyerhaeuser seeks a declaratory judgment that it need not arbitrate any dispute over excess liability coverage that may arise between it and Defendants. (Compl. ¶¶ 1, 35-37.) Weyerhaeuser acknowledges that "[a] justiciable controversy does not yet exist between the parties regarding coverage." (*Id.* ¶ 1.) Rather, the parties dispute "the arbitrability of coverage disputes under the subject policies." (*Id.*) Specifically, Weyerhaeuser claims that Defendants' excess liability policies require Defendants to litigate any coverage dispute in a court of Weyerhaeuser's choosing in the United States. (*Id.* ¶¶ 26-31, 37.) Weyerhaeuser further represents that it "has incurred, or expects to incur, covered defense costs and liabilities in connection with [an allegedly defective Weyerhaeuser product] that exceed the applicable coverage limits of all of [Defendants'] [p]olicies." (*Id.* ¶ 22.) According to Weyerhaeuser, "Defendants have neither confirmed that resolution of future disputes, should they arise, will occur in a Washington State

forum nor disclaimed any intention to initiate a competing coverage arbitration and/or litigation outside of Washington." (*Id.* ¶ 24.) Weyerhaeuser thus contends that "[t]here is an actual and justiciable controversy between Plaintiff and Defendants as to the arbitrability of the parties' disputes regarding or arising under [Defendants'] [p]olicies and the proper venue for any such litigation." (*Id.* ¶ 37.)

Upon its own review of the pleadings and applicable law, the court is not convinced that this action presents an "actual controversy" within the meaning of the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). Defendants have not initiated or sought to compel arbitration, and Weyerhaeuser expressly concedes that no coverage dispute has arisen between the parties.[1] (Compl. ¶¶ 1, 38.) Weyerhaeuser alleges only that the parties disagree about the meaning of policy terms that have yet to be implicated in a live dispute. In short, Weyerhaeuser appears to seek an advisory opinion on a contract interpretation issue that, at this time, is untethered to a "definite and concrete" controversy between the parties. *See MedImmune*, 549 U.S. at 127.

Indeed, several courts have concluded that a declaratory judgment action concerning the arbitrability of a future, hypothetical conflict is nonjusticiable. *See, e.g.*, *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 281-84 (4th Cir. 2008) (upholding the dismissal of claims as nonjusticiable where the plaintiffs alleged that the arbitration

---

[1] Likewise, Weyerhaeuser states in the complaint that it "does not currently allege causes of action for breach of contract, bad faith, violation of the Washington Insurance Fair Conduct Act, [or] violation of the Washington Consumer Protection Act . . . ." (Compl. ¶ 38.) Weyerhaeuser reserved the right to amend its complaint "to add such causes of action" should a coverage dispute arise. (*Id.*; *see also id.* ¶ 1.) To date, Weyerhaeuser has not sought to amend its complaint. (*See generally* Dkt.)

provision of a credit card agreement was unconscionable, because "none of the [d]efendants has threatened to invoke the arbitration provision"); *Lee v. Am. Express Travel Related Servs.*, No. C 07-04765, 2007 WL 4287557, at *5 (N.D. Cal. Dec. 6, 2007) (dismissing as nonjusticiable the plaintiffs' claim that the arbitration clause in a credit card contract was unlawful, where the arbitration clause had "not been implicated in any actual dispute between the parties"); *Posern v. Prudential Secs., Inc.*, No. C-03-0507SC, 2004 WL 771399, at *8 (N.D. Cal. Feb. 18, 2004) (dismissing a claim for a declaratory judgment invalidating an arbitration provision, where, because the defendant "has not filed a motion to compel arbitration, the declaratory relief that [the plaintiffs] seek[] appears speculative"); *Rivera v. Salomon Smith Barney Inc.*, No. 01 Civ. 9282(RWS), 2002 WL 31106418, at *2-4 (S.D.N.Y. Sept. 20, 2002) (dismissing an action as nonjusticiable where the plaintiff sought a declaratory judgment to determine whether potential, future claims against her former employer were subject to mandatory arbitration); *Tamplenizza v. Josephthal & Co.*, 32 F. Supp. 2d 702, 704 (S.D.N.Y. 1999) (finding that the plaintiff's request for a declaratory judgment that an arbitration agreement was null and void "strains the concept of 'case or controversy' to its outer limit," absent an actual dispute between the parties).

  For the foregoing reasons, the court ORDERS the parties to show cause, within seven days of the filing date of this order, why this action should not be dismissed as

//

//

//

nonjusticiable.  The parties' responses to this order may not exceed 10 pages.  Defendants must jointly file one submission.

Dated this 22nd day of July, 2019.

_____
The Honorable James L. Robart
U.S. District Court Judge